CARROLL, DONALD K., Judge.
Following the filing of our opinion m this appeal on March 24, 1964, the appellant has duly filed a petition for rehearing in which it claims that our said opinion does not accurately reflect its position and contentions in this appeal. While those portions of our opinion so questioned are not at all material to our decision and affect in no way our “ratio decidendi” therein, we have decided to revise our said opinion in those objectionable portions in order that our opinion may fairly reflect the appellant’s said position and contentions. To such an extent the appellant’s petition for rehearing is granted, but it is other-wise denied. Our opinion, as thus revised, is as follows:
The plaintiff in a suit for a declaratory decree and injunction under Sections 196.01 to 196.03, Florida Statutes, F.S.A., has appealed from an order entered by the Circuit Court for Bay County, dismissing its amended complaint.
The crucial question before us is the validity vel non of the defendant municipality’s ad valorem tangible personal property tax on gasoline in view of the prohibitory language in the first proviso clause in Section 208.44(13), Florida Statutes, F.S.A., which section reads:
“This section shall not repeal any law, or parts of laws, relating to the *40 levying of any state license taxes or other state taxes upon gasoline or other like products of petroleum, with exception of chapter 25266, acts of 1949, provided, however, that no municipality dr other political subdivision shall levy or collect any ‘gasoline tax’ or other tax measured or computed by the sale, purchase, storage, distribution, use, consumption, or other disposition of gasoline or other like products of petroleum except such municipalities as are now levying such a tax under authorization of special laws; provided, further, that nothing herein shall prevent the levying by municipalities, or other political subdivisions, of reasonable fiat license fees or taxes upon the business of selling gasoline or other like products of petroleum at wholesale or retail.”
The provisions of this statute were originally a part of Chapter 25266, Laws of Florida, Acts of 1949. The intent of the legislature in enacting the said chapter is thus expressed in Section 11 thereof:
“It is the intent of this Act that the effect hereof shall be to correspondingly increase the gasoline storage tax imposed by Chapter 13756, Laws of Florida, Acts of 1929, as provided by Section 9 of said Act, as brought forward and revised in Section 208.23 to Section 208.28, inclusive, of the Florida Statutes 1941, so as to equalize the gasoline gal-lonage storage tax with the gasoline gallonage sales tax.”
In its brief on this appeal the appellant contends, and we substantially agree, that Section 208.44(13), Florida Statutes, F.S.A., “ * * * is a part of a State statute defining a State policy for uniform taxing and regulation of gasoline and like products throughout this State; and it was intended, in order to have one rule on the subject regulated, to supersede or modify the authority of municipalities to impose taxes upon the sale, purchase, storage, distribution, use, consumption, or other disposition of gasoline and like products of petroleum.”
Such a policy, we think, is in keeping with the spirit of the mandate of Section 1, Article IX, of the Florida Constitution, F.S.A., providing in part: “The Legislature shall provide for a uniform and equal rate of taxation * * *.”
Reverting now to the language of Section 208.44(13), first quoted above, we find that no serious contention is made on this appeal that the clauses therein beginning “except” and “provided, further” are applicable in the present consideration. Therefore, the scope of our inquiry in this appeal is reduced to the more limited and precise question whether the tax levied by the defendant municipality falls within the prohibited category of “any ‘gasoline tax’ or other tax measured or computed by the sale, purchase, storage, distribution, use, consumption, or other disposition of gasoline or other like products of petroleum * *
The basic position of the appellee municipality is that this provision should be construed as prohibiting municipalities from levying and collecting excise taxes, but not ad valorem taxes, on gasoline or other like products of petroleum. We think that the fact that the proscribed tax is specifically described and qualified as a tax “measured or computed by the sale, purchase, storage, distribution, use, consumption, or other disposition * * strongly supports the municipality’s position.
The legal distinction between an ad valorem and an excise tax has been clarified in many decisions of the Supreme Court of Florida. One of the most helpful of such decisions is that in City of DeLand v. Florida Public Service Co., 119 Fla. 804, 161 So. 735 (1935), in which the Supreme Court said:
“All taxes, other than polls, are either direct or indirect property taxes. A direct tax is one that is imposed directly upon property, according to its value. It is generally spoken of as a property tax or an ad valorem tax. An indirect tax is a tax upon some right or privi *41 lege, or corporate franchise, and is most often called an excise or occupational tax.
“An excise and property tax, when the two approach each other, ordinarily may be distinguished by the respective methods adopted for laying them and fixing their amounts. If a tax is imposed directly by the Legislature without assessment, and its sum is measured by the amount of business done, income previously received, or by the extent to which a taxable privilege may have been enjoyed or exercised by the taxpayer, irrespective of the nature or value of such taxpayer’s assets or his investments in business, it is to be regarded as an excise tax. But, if the tax is computed upon the valuation of the property, and assessed by assessors, either where it is situated or at the owner’s domicile, although privileges may be included in the valuation, it is considered a property tax.”
Applying these definitions to the tax before us on this appeal, we think it beyond dispute that the said tax is an ad valorem tax. As a matter of fact, the appellant does not contend otherwise.
In the order appealed from herein, the chancellor granted the appellees’ motion to dismiss the plaintiff’s amended complaint for failure to state a cause of action upon which relief could be granted, on the ground that Section 208.44(13) did not prohibit the municipality from levying an ad valorem tangible personal property tax on gasoline. In his order the chancellor allowed the plaintiff ten days in which to plead further, but the plaintiff declined to do so and took this appeal. As discussed above, we think that the chancellor ruled correctly in the order appealed from, so that order must be, and it is
Affirmed.
STURGIS, C. J., and WIGGINTON, J., concur.